# CHARLESTON.

## NIXON v. KIDDY.

Submitted January 20, 1909.   Decided December 1, 1909.

1. ACCORD AND SATISFACTION—*Liquidated Demand—Payment of Less than Sum Due.*

    Payment by a debtor and receipt by the creditor of a less sum than is due upon an undisputed liquidated demand is not satisfaction of the debt, although the creditor agrees to accept it as such, if there be no release under seal or no new consideration given as to the part left unpaid. (p. 356).

2. SAME—*Acceptance of Check.*

    If a debtor gives to his creditor a check for part of an undisputed liquidated sum due, reciting in the check that it is in full of the debt, the acceptance and use of the check by the creditor does not discharge the entire debt in the absence of a consideration for the release of the unpaid part. (p. 358).

Error to Circuit Court, Randolph County.

Action by Frank Nixon against Roy Kiddy.   Judgment for plaintiff.   Defendant brings error.

*Affirmed.*

*W. B. Maxwell, C. W. Maxwell,* and *Roy See,* for plaintiff in error.

*James A. Bent,* for defendant in error.

ROBINSON, JUDGE:

The plaintiff contends that the defendant contracted to sell him a grocery store for the sum of $1100; that he paid defendant $600 in cash and was to pay the balance as he made it; that the defendant retained the key and plaintiff never obtained complete possession of the store pursuant to his contract of purchase; that, upon a disagreement as to what the terms of the deal actually were, the trade, within a few days, was declared off; and that defendant still owes him part of the cash payment which should have been refunded.   Defendant insists that he sold the store to the plaintiff for $600 cash and $500 on time; that the latter sum was to be secured to him; and that because the time payment was never put into

secured shape by plaintiff he re-purchased the store for $350, agreeing that the obligation for the deferred $500 should be cancelled and that the plaintiff should keep $50 which he had taken from the store. There is exhibited a check by which defendant paid plaintiff the $350. It bears the memorandum: "In full of purchase for Bee Hive Grocery." Plaintiff admits that he received and cashed this check, but insists that there was no re-sale of the store. He says there was only a declaring off of the agreement whereby he was to become the owner of the store, since they did not agree as to who was entitled to the outstanding accounts and as to the status of the deferred $500. Therefore, he demands all of his $600 which he paid defendant for something he did not get. He received $50 from the store during the short time that he was about it, and the check mentioned, making $400. He sued and recovered a judgment, upon the verdict of a jury, for the additional $200. Defendant strongly insists that the jury could not find for the plaintiff in the face of the check, bearing the endorsement that it did. The court below refused to disturb the verdict. Shall we do so?

There is some evidence upon which the jury could find that the agreement of sale was never fully carried out—that plaintiff was never fully vested with title to the store. Defendant retained the key to the store. He refused to turn over the key to plaintiff as a purchaser. He was contending that security must be given for the deferred payment. Plaintiff was refusing to give it, and was demanding the right to the outstanding accounts. From these facts, the jury could say that there was no completed sale of the store to plaintiff. If the purchase of the store was not fully completed, and there was only a declaring off of the deal, then what could be the consideration for the retention of the $200 by the defendant? What benefit did plaintiff obtain for the sum retained by defendant? If there was no consideration for that retention, plaintiff is entitled to recover it regardless of the endorsement upon the check upon which defendant relies. Yes, he is entitled to recover, if there be no consideration, even though he agreed to accept the smaller sum in payment of the larger one. On the other hand, if plaintiff had become the owner of the store, and, for a smaller sum than he paid defendant for

it, he re-sold the same to him, then the case is materially different. In that event there was consideration for the $200 —the original sale.

If a proposed sale was simply declared off and there was actually no re-sale, then defendant at once owed plaintiff the $600 he had paid. The demand was an undisputed liquidated one, due and payable. Such liquidated demand could not be fully paid by a sum less than its actual amount, without consideration for the release of the part not paid. "Where the debt or demand is liquidated or certain and is due, payment by the debtor and receipt by the creditor of a less sum is not a satisfaction thereof, although the creditor agrees to accept it as such, if there be no release under seal or no new consideration given. Payment of a less amount than is due operates only as a discharge of the amount paid, leaving the balance still due, and the creditor may sue therefor notwithstanding the agreement." 1 Cyc. 319. This rule of law, though freely criticised, is most generally recognized and adhered to. 1 Beach on the Modern Law of Contracts, section 158; 1 Cyc. 321; 1 Amer. & Eng. Enc. of Law 413; 1 Page on Contracts, sections 313, 321. In some jurisdictions, as in Virginia, the rule has been abrogated by statute. 2 Minor's Inst. (4th Ed.) 830. It is the rule of the common law. It still exists with us. It is noticed by Judge LUCAS in *Maslin's Ex'rs* v. *Hiett,* 37 W. Va. 15. This Court has no power to change the rule. The Legislature may, perhaps should, do so. We may here fittingly use the language of another court regarding this law: "It is not necessary for us to discuss whether or not this rule is founded in good reason. It is the rule at common law, and has been followed, with one or two exceptions, by all the courts of this country." *Meyer* v. *Green,* 21 Ind. App. 138 (69 Amer. St. Rep. 344). Certain it is, the rule is so technically well founded that the courts steadfastly adhere to it. Beach on the Modern Law of Contracts, cited above, expresses the present understanding of it in this language: "The rule upon this subject, under the modifications of later decisions, both in England and America, seems to be that a creditor cannot bind himself by a simple agreement to accept a smaller sum in lieu of an ascertained debt of larger amount, such an agreement being *nudum pactum* because the debtor only does what he is legally

bound to do; but if there be any benefit or even any legal possibility of benefit to the creditor thrown in, that additional weight will turn the scale, and render the consideration sufficient to support a promise to forego the balance." And in 1 Page on Contracts, section 313, it is said: "The rule that payment of a debt due is no consideration is quite technical. While generally enforced by the courts it is not extended beyond its strict terms."

The doctrine is frequently applied in relation to checks which are endorsed as being in full payment of a larger liquidated amount by a smaller one for which the check is given, as in the case before us if the facts exist as plaintiff contends. An instance of this kind is found in *Meyer* v. *Green, supra,* where it is held: "If a debtor sends to his creditor a check for part of a liquidated sum due such creditor, reciting in the check that it is full of all demands, the acceptance of the check by the creditor does not discharge the entire debt." The giving of a receipt in full does not release the unpaid part of the debt, if there is absolutely no consideration for its relinquishment. "In the absence of statute providing otherwise the rule is settled, except in one state, that the giving of a receipt in full does not in any way affect the rule that payment of a less sum in discharge of a greater sum presently due is not a satisfaction thereof though accepted as such." 1 Cyc. 322. "A receipt in full when the whole amount has not been paid is not conclusive, and will not prevent the recovery of the balance due." 1 Amer. & Eng. Enc. of Law 415. "If, however, the claim is liquidated, and there is no genuine dispute as to its validity, a tender of a less sum than the amount due in full of the entire amount, is, even if accepted, no consideration for an agreement to release the balance." 1 Page on Contracts, section 321.

Now, can we say that the mere declaring off of the sale and purchase of the store, if such was the fact, was a benefit to plaintiff? Or was there in it the legal possibility of benefit to him? If the sale was a completed one, then its cancellation might support an assumption of benefit to plaintiff or possibility of benefit to him. But surely if the sale was not complete, a bargain that did not yet bind him, what possible benefit could he receive by its being declared off? The declaration that negotiations should go no further is too slight in its

consequences to be the basis of a money consideration. It would be an extremely dear thing at the price of $200. It cannot in sense be argued that plaintiff intended to give that sum for the satisfaction of quitting the trade. He had the right to quit before it was finally ended without paying a price for the privilege. The misunderstanding that had arisen between the parties means nothing as a consideration to forego the return of the $200. That misunderstanding related not to the indebtedness for the $600. "The desire of the parties to avoid trouble and contention is not recognized as constituting a legal consideration for such agreement." 1 Cyc. 321.

The case turns on the question: Was there consideration for the relinquishment by plaintiff of the $200 to defendant? And, as we have seen, answer to this question involves an ascertainment of the fact as to whether or not the proposed sale was actually a sale. Unless there was a re-sale of the store as defendant contends, there was no basis for a consideration as to the $200. If defendant simply took plaintiff's money and did not give him the store, he must give back that money unless some other consideration is given by which it may be retained.

So we see that a determination of facts rules this case. Those facts arise wholly from conflicting oral testimony. It was the jury's province to find them. The jury had the right to believe from the evidence that there was no re-sale of the store and no consideration for the retention of the $200. By their verdict it would seem that they did so find. The witnesses were face to face with the jury. The jury had the right to believe some witnesses and to refuse to believe others. They heard the testimony, observed the speech, countenances, and manners of the witnesses, and were where they could judge of the credibility of those witnesses. There is evidence which supports the finding. Though that evidence may not preponderate, yet we cannot disturb the finding. *Coalmer* v. *Barrett,* 61 W. Va. 237. The endorsement of the check does not control, as counsel insists. As we have seen, that endorsement is not a release of the residue of the money, if there was no consideration for its release. Nor does it bind plaintiff to the fact that there was a re-sale of the store. The endorsement might be construed, in the light of circumstances, to refer to a return

of the purchase money for the grocery. It does not necessarily say that defendant re-purchased the store from plaintiff. The jury no doubt construed this endorsement truly in the light of what they saw and heard. Then the jury could well believe, perhaps they did believe, that defendant to an extent had plaintiff in his power and undertook to pay him what he pleased. It would seem that plaintiff was by no means, of the two parties, the more alert to his own interests, nor the more capable of presenting his case. We do not know what the jury observed and determined in this particular. We cannot overthrow the verdict without invading the province of the jury to be the judges of facts arising upon conflicting oral testimony of witnesses recited in their presence. At any rate, the verdict seems to be a just one. Why should defendant be entitled to keep the $200 when he has lost nothing, and has given plaintiff nothing for it? The judgment will be affirmed.

*Affirmed.*