MYRTLE LEGRAND *v.* JOHN J. HAMRICK *et al.*

(No. 7504)

Submitted November 5, 1935. Decided November 12, 1935.

*Jean F. Smith* and *Simms & Staker*, for plaintiffs in error.

MAXWELL, JUDGE:

This is a writ of error to a judgment of the circuit court of Cabell County affirming a judgment of the court of common pleas of said county rendered on verdict in favor of Myrtle LeGrand against John J. Hamrick, and the surety on his bond for appeal from the justice's court, for $360.00.

Hamrick, an attorney at law, rendered professional services to the plaintiff in the latter part of 1928 and in 1929. Within the period of the services, to-wit, on April 3, 1929, he borrowed of the plaintiff $300.00, and executed to her a negotiable promissory note payable, as he now remembers, eight months after date. A little less than three weeks after the execution and delivery of the note, he gave to the plaintiff a written memorandum, self-explanatory, as follows: "April 22, 1929. Mrs. Myrtle LeGrand, City. Dear Madam: This is to certify that I borrowed three hundred dollars from you

and gave you a note for same bearing interest at 8%. You suggest that you have misplaced the note. I do not desire to execute another note, but this letter will be evidence of the execution of the former note. (Signed) John J. Hamrick.'' This action is based on that memorandum and was instituted before a justice of the peace December 30, 1931.

At the trial in the court of common pleas, the plaintiff testified briefly, introducing the memorandum and stating that the debt was still owned by her and was due and unpaid; that Mr. Hamrick told her his charge for professional services rendered her would be $200.00.

After the plaintiff rested, the defendant testified at length. He stated that, as counsel for the plaintiff, he represented her in connection with the probate of her deceased husband's will, and that he instituted for her a suit for the assignment of her dower; that it was understood and agreed between the plaintiff and himself that there should be a fee of $250.00 for each of said two services; that there were other services rendered by him for the plaintiff and certain expenses incurred in connection with such services; that on March 24, 1930, he presented to the plaintiff a detailed statement of account between them, which account disclosed all of the items of both debits and credits as claimed by him and that there was shown to be a balance owing from him to her of $2.30; that in said account, he charged against himself the aforesaid sum of $300.00 borrowed; that on said last mentioned date, in conformity with the showing of said statement, he executed and delivered to the plaintiff a check for $2.30, on the face of which check he had written the following memorandum: ''Fees paid in case per agreement before suit to assign dower in estate $250.00 fee suit to assign dower $250. Other fees aggregating with expenses money paid etc. $199.85, aggregating in all $699.85. Less cash for fees $250.00 Note for $300 for check. Int. $17.30; other credits per statement, $134.85. Balance due in full of all demands of acct. between us. $2.30.'' The check was produced and filed in evidence by the defendant, and the same discloses that it was indorsed by the plaintiff and by two subsequent indorsers and was later paid by the bank on which it was drawn. The plaintiff

did not resume the witness stand after the defendant had thus testified.

The check contained a full and clear recital of the defendant's version of the account between the parties. Plaintiff accepted the check and used it. At the trial, she said not a word in derogation or explanation of these circumstances, nor did she deny that at the time of her acceptance of the check the defendant furnished her a full statement of their account as he understood it, the same being in accordance with the recitals on the check. His testimony that she never questioned the settlement until she brought this action twenty-one months later stands uncontradicted. There was no effort on her part to prove that the settlement was tainted by fraud or that accident or mistake in the slightest degree was involved. .Her unexplained acceptance of the check with the full recitals thereon must be taken to establish that there was a settlement of the account. As the matter stands, there could not reasonably be given to the transaction any other meaning. In the absence of testimony sufficient to undermine the settlement, it must stand as conclusive and final. "Settled accounts are deemed conclusive between the parties, unless fraud, mistake or omission is shown." *Batson* v. *Findley*, 52 W. Va. 343, 43 S. E. 142. This is a settled principle which has been applied in many decisions.

On the foregoing premises, our inevitable conclusion is that the verdict is against the clear preponderance of the evidence. "A verdict against the clear and decided preponderance and weight of the evidence will be set aside." *Hetzel* v. *Kemper*, 102 W. Va. 567, 135 S. E. 667.

A question seemingly not raised in the trial court but argued here is whether there is jurisdiction at law of the claim asserted by the plaintiff. The note given by the defendant to the plaintiff was negotiable and appears to have been lost before maturity. A suit on such instrument lost before it is due must be in equity. *Austin* v. *Calloway*, 73 W. Va. 231, 236, 80 S. E. 361. We call attention to this situation inasmuch as there may be further proceedings on this claim in the trial court.

We reverse the judgment of the circuit court and the judgment of the trial court, set aside the verdict, and remand the case.

*Reversed and remanded.*