E. I. Du Pont De Nemours & Company *v.* Valley Supply Company

(No. 8663)

Submitted February 15, 1938.   Decided March 1, 1938.

*E. L. Maxwell* and *C. W. Maxwell,* for plaintiff in error.
*D. H. Hill Arnold,* for defendant in error.

Hatcher, Judge:

Defendant mailed plaintiff a voucher check of $500.00, inscribed "in full settlement of the within account."   The

account therein showed a balance of $900.00 due plaintiff, against which was credited the $500.00 check and an item of $400.00 claimed by defendant as anticipated profit upon an order it had sent plaintiff, but which the latter had not accepted. Plaintiff at once repudiated the $400.00 item, and at first refused the check. In the words of defendant's witness, the check "was shuttled backward and forward several times." Finally, plaintiff cashed it, credited defendant's account with $500.00 and brought this action for $400.00. Defendant pleaded accord and satisfaction, and gave notice of set-off, but offered evidence only in support of its plea. The case was submitted to the court in lieu of a jury and the court entered judgment for defendant.

Both the trial court (as shown by a memorandum) and the brief of defendant, rely upon the case of *LeGrand* v. *Hamrick*, 116 W. Va. 572, 182 S. E. 577, 578. In that case, however, Mrs. LeGrand, upon receiving from Hamrick a full statement of the account between them and a check in payment of the balance shown due thereby, cashed the check without questioning the statement, and did not question it until she brought suit twenty-one months later, and even at the trial, "said not a word in derogation or explanation of these circumstances." Upon such facts we held that "her unexplained acceptance of the check * * * must be taken to establish that there was a settlement of the account." That case should not influence the decision herein because the conduct of this plaintiff was utterly different from that of Mrs. LeGrand. It appears from the correspondence between the parties—erroneously disregarded by the trial court—that from the first tender of the check until this action was brought, plaintiff continuously rejected the settlement proposed by defendant, and upon cashing the check, wrote defendant there was $400.00 still due. An account rendered is converted into an *account stated,* only by the express or implied assent of the party to be charged. The account rendered in the *LeGrand* case was treated as stated, because Mrs. LeGrand impliedly acquiesced in it. The account rendered in the case at bar cannot be treated as stated because plaintiff constantly disclaimed the $400.00

item. "An account stated must receive the assent of both parties; the minds of the parties must meet, for an account becomes stated only by reason of acquiescence in its correctness." 1 C. J. S., subject Account Stated, section 28. Accord: *Hoover-Dimeling Lumber Co.* v. *Neill,* 77 W. Va. 470, 473, 87 S. E. 855, 11 A. L. R. 575; 1 Am. Juris., subject Accounts, section 16.

The balance of $900.00 on the account was undisputed; defendant admitted its obligation to pay $500.00 thereof, in any event; so, payment of that sum, alone, furnished no consideration for release of the remaining $400.00; and the payment, though purporting to settle fully the account, did not do so. The inscription to that effect on the check was simply a *nudum pactum. Nixon* v. *Kiddy,* 66 W. Va. 355, 357-8, 66 S. E. 500; *Kohlsaat* v. *Coal Co.,* 90 W. Va. 656, 112 S. E. 213; 1 Am. Juris., subject Accord and Satisfaction, sec. 42; 1 C. J. S., subject, *idem,* sec. 35.

The judgment of the circuit court is reversed, and judgment for the plaintiff, which the circuit court should have entered, is entered here.

*Judgment reversed and rendered.*