Beulah Patton Clark *et al. v.* Melvin G. Sperry, *etc., et al.*

(No. 9414)

Submitted April 13, 1943. Decided May 25, 1943.

*Johnson & Johnson* and *Charles B. Johnson,* for appellants.

*Powell, Clifford & Jones,* for appellees.

RILEY, PRESIDENT:

Beulah Patton Clark and Harles L. Clark, her husband, filed their bill in equity in the Circuit Court of Harrison County against Melvin G. Sperry, executor of the will of Charles L. Patton, deceased, and Melvin G. Sperry and Clifford R. Snider, Trustees, praying (1) that an alleged debt in the amount of six thousand dollars, represented by twelve notes each in the sum of five hundred dollars, dated May 1, 1935, one of which was payable in two years, and one payable each year thereafter for thirteen years, and all secured by a deed of trust on a dwelling house owned by Beulah Patton Clark, and jointly occupied by both plaintiffs, be declared paid; (2) that defendant executor be required to deliver the notes to plaintiffs and release the debt; (3) that said executor be enjoined from collecting said alleged debt either by legal action or sale under the deed of trust; and (4) that the executor be enjoined from parting with the notes to anyone except plaintiffs. Plaintiffs prosecute this appeal from a decree of the circuit court sustaining a demurrer to and dismissing the bill of complaint.

The bill of complaint contains the following allegations: That the notes in question represent a loan granted by decedent to his niece, Beulah Patton Clark, to enable her and her prospective husband, Harles L. Clark, to finance the building of a dwelling house in contemplation of plaintiff's marriage. On July 30, 1935, the day before plaintiffs were to be married, Clark called upon Patton who, as the bill of complaint alleges, "did then and there, in pursuance of his purpose and desire to provide a home for his niece, Beulah Virginia Patton, execute and deliver" to her in her then maiden name, the following instrument, signed by him: "July 30, 1935, Beulah V. Patton: For the sum of one dollar hereby acknowledged, I accept your notes secured by a deed of trust on your Park

Boulevard home with the understanding that if I should die before payment, said notes shall be considered paid in full". At the time decedent delivered this paper to Clark, the former had possession of all of the notes.

The bill of complaint further alleges that at the times of the advancement of the cash represented by the notes, the execution of the notes and the deed of trust, and the execution and delivery of the instrument of July 30, 1935, decedent was in good health, of sound mind and not in fear of impending death; that at decedent's death on July 11, 1937, none of the notes had been paid; that the debt under the provisions of the instrument of July 30, 1935, became extinguished, the lien of the deed of trust became null and void; and, as a consequence, defendant executor acquired no interest in said debt or lien.

The sole question in this case raised by the demurrer to the bill of complaint is the validity and effect of the memorandum of July 30, 1935.

Counsel for appellees say that because the memorandum bears the name of no attesting witnesses to decedent's signature thereto, and is not holographic, the statute of wills (Code, 41-1-3) has not been complied with. Counsel further say that decedent not having delivered the notes and not being in fear of death, the memorandum does not serve as a gift *inter vivos* or *causa mortis*. *Steber* v. *Combs,* 121 W. Va. 509, 513, 5 S. E. 2d 420, 46 W. Va. Law Quarterly 257; *Meadows Funeral Home* v. *Hinton,* 119 W. Va. 609, 195 S. E. 346, and other cases are cited. As to these positions, we agree with counsel. What then is the legal effect of the memorandum? In form it is a release to take effect upon the happening of a condition precedent, the condition being decedent's death before payment of the notes. This condition having occurred the memorandum operates as though it is unconditional. To the effect that a release may be made subject to the happening of a condition precedent, see Williston on Contracts, Rev. Ed., Section 1824, and authorities cited under note 1. The rule stated in 2 Restatement of the Law, Contracts, Section 404 (1) is: "(A) A release which

states that it shall take effect on the occurrence of a condition precedent is operative as a discharge on the occurrence of the condition". Notwithstanding that, we think the memorandum in form is a conditional release, it does not, in our opinion, have any legal effect because it is neither under seal nor supported by a valuable consideration. Except where one has been induced by a release without consideration to alter his position to his prejudice (*Georgeton* v. *Reynolds,* 161 Va. 164, 170 S. E. 741), a release not under seal requires the support of a valuable consideration. *Ferries Co.* v. *Brown,* 121 Va. 13, 92 S. E. 813; *Northwestern National Insurance Co.* v. *Cohen,* 138 Va. 177, 121 S. E. 507; *Georgeton* v. *Reynolds, supra.* The recited consideration of one dollar is nothing more or less than payment by a debtor of a part of his debt, and, unless made and accepted on some new consideration, such payment is not a satisfaction of the whole debt. *United States* v. *Bostwick,* 94 U. S. 53, 54, 24 L. ed. 65. In *Nixon* v. *Kiddy,* 66 W. Va. 355, pt. 1 syl., 66 S. E. 500, this Court said: "Payment by a debtor and receipt by the creditor of a less sum than is due upon an undisputed liquidated demand is not satisfaction of the debt, although the creditor agrees to accept it as such, if there be no release under seal or no new consideration given as to the part left unpaid." See *Kohlsaat* v. *Main Island Creek Coal Co.,* 90 W. Va. 656, pt. 5, syl., 112 S. E. 213; *Du Pont de Nemours & Co.* v. *Valley Supply Co.,* 119 W. Va. 645, 647, 195 S. E. 596, 1 Am. Jur., Accord and Satisfaction, Section 42. The rule prevailing in this jurisdiction, though supported by the weight of authority, has not been universally followed, and has been subject to some criticism. See *Rye* v. *Phillips,* 203 Minn. 567, 282 N. W. 459, 119 A. L. R. 1120, 1123-1129, and an article by James Barr Ames, 12 Harvard Law Review, 415, 425. Under these authorities, we think that decedent's promise to release the debt or to have the notes considered paid upon the happening of a condition contained in the memorandum is unsupported by a valuable consideration and is without legal effect.

For these reasons we affirm the decree of the trial chancellor sustaining the demurrer to and dismissing the bill of complaint.

*Affirmed.*