[Civ. No. 37423. Second Dist., Div. Two. Dec. 21, 1970.]

E. GROSSMAN, Plaintiff and Appellant, v.
VERNON VAUPEL et al., Defendants and Respondents.

## Counsel

Coskey & Coskey and Hal L. Coskey for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

## OPINION

### ALARCON, J.*—

#### Factual Background

On July 10, 1967, the appellant filed a three-count complaint in the Municipal Court of the Los Angeles Judicial District seeking a money judgment in the amount of $2,237.46.

The complaint alleged that the appellant was the assignee of the First National Bank of Boston; Norwood Mills; Rudin and Roth, and Terra International. The matter was set for trial on April 16, 1970. The respondent, Paul Snyder appeared in propria persona. During the opening statement the trial judge inquired of counsel for the appellant whether the plaintiff, E. Grossman was licensed and bonded pursuant to the Collection Agency Act. Appellant's counsel replied that E. Grossman was exempt from the license and bonding requirements of the Collection Agency Act. The court then stated that E. Grossman did not have the legal capacity to sue. Sandor Boxer was then called as a witness by the plaintiff. He testified that he was a partner in the law firm of Coskey and Coskey and the attorney for the assigners First National Bank of Boston, Norwood Mills, Rudin and Roth, and Terra International. E. Grossman, was the first initial and maiden name of his wife. E. Grossman has no direct nor indirect interest in the claims of the assigners "save except for her community interest in and to her husband's partnership interest." E. Grossman is not and has never been[1] an employee of the law firm of Coskey and Coskey.

Upon conclusion of this testimony the court rejected an offer of proof and refused to permit any evidence to be presented as to the merits of the plaintiff's causes of action on the grounds that E. Grossman had no legal capacity to maintain the action. The question of the legal capacity of the plaintiff to bring this action was first raised by the trial court *sua sponte* at the time of trial. The respondent made no statements or motions and asked no questions. The trial court ordered the entry of judgment for the defendant on the sole grounds that the plaintiff had no legal standing to prosecute this action.

---

*Assigned by the Chairman of the Judicial Council.

[1]The settled statement is not specific as to the partnership referred to in the quoted language. However, from the context it would appear from the written findings of fact and conclusions of law that the reference is to Mr. Boxer's partnership interest in his law firm.

## Problem

The novel question raised by this appeal is whether an attorney's wife who is not licensed or bonded may accept assignments of claims and bring actions thereon if she is represented by her husband or his law firm.

## Discussion

■ Under the Collection Agency Act (Bus. & Prof. Code, § 6850 et seq.) a person engaged directly or indirectly in the collection of claims owed or due to another is a collection agency (§ 6852) and must be licensed (§ 6870) unless he comes within one of the exceptions set forth in section 6854.

Members of the State Bar of California are expressly excluded from the definition of collection agency (§ 6854). The attorney exclusion was extended by judicial interpretation to include an employee in *Henningsen* v. *Mayfair Packing Co.*, 41 Cal.2d 558, 562 [261 P.2d 521]. In reaching this conclusion the court reasoned as follows: "Although it was admitted that Miss Henningsen is not an attorney at law, it was stipulated that she was employed by Griffin's attorney. It may reasonably be inferred that she was the attorney's *alter ego* in enforcing the claim.

"In *Dodson* v. *Greuner*, 28 Cal.App.2d 418 [82 P.2d 741], the enforcement of a claim was resisted on the ground that an assistant to the assistant vice-president could not qualify as the credit officer of the bank, who is not a 'collection agency.' (Bus. & Prof. Code, § 6854.) The court found no evidence in the record showing that he was not such officer, but held that, in any event, the action would not be barred. It would be unreasonable, it was said, to suppose that the Legislature intended all of the credit work of a large institution to be done by one person without the power to delegate portions of it to other employees.

"It is a common practice, dictated by procedural conveniences, for an attorney to accept an assignment of a chose in action in the name of an employee. That practice was followed in the present case. When the attorney is enforcing the claim on behalf of his client, the real party in interest, no sound reason appears why the assignment of it may not be taken in an employee's name."

■ The appellant construes the holding in *Henningsen* as permitting the courts to extend the class of persons not covered by the bonding and licensing provisions of the Collection Agency Act beyond the exclusions created by the Legislature. We disagree. *Henningsen* did not create a new class of persons exempt from the regulatory provisions of the Collection Agency Act. The court in *Henningsen* recognized that where a

legal secretary acts within the scope of her duties she is the *"alter ego"* of her employer who is responsible for her acts under the doctrine of *respondeat superior.* Additional support for the *Henningsen* rationale can be found in the exemption of secretaries from the registration requirements of the Collection Agency Act. (Bus. & Prof. Code, § 6894.6.) No similar exemption from the regulatory provisions of the Collection Agency Act has been created by the Legislature for wives or relatives of persons now excluded from coverage.

■ Our judicial function is to construe the words of the Legislature by their ordinary meaning, not to expand their definition to include matters or persons not expressly covered nor included by the law making branch of government (see, *Pacific Coast etc. Bank* v. *Roberts,* 16 Cal. 2d 800, 805 [108 P.2d 439]; *People* v. *Moore,* 229 Cal.App.2d 221, 228 [40 Cal.Rptr. 121]).

■ A person who does not hold a valid collection agency license may not engage "in the business of collecting claims for others." (Bus. & Prof. Code, § 6870). The evidence in the instant matter shows that the assignee was not licensed or bonded under the Collection Agency Act. Nor was any factual showing made that the assignee was within the category of persons exempt from licensing.

Under the facts of this case and consistent with the Collection Agency Act the trial court correctly ordered judgment in favor of the defendant.

The judgment is affirmed.

Fleming, Acting P. J., and Compton, J., concurred.

A petition for a rehearing was denied January 19, 1971, and on January 18, 1971, the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied February 17, 1971.