[No. A031872. First Dist., Div. Two. July 21, 1987.]

ROYAL COMPANY AUCTIONEERS, INC., Plaintiff and
Respondent, v.
COAST PRINTING EQUIPMENT COMPANY, INC., et al.,
Defendants and Appellants.

[Opinion certified for partial publication.*]

---

*Pursuant to rules 976 and 976.1, California Rules of Court, this opinion is certified for publication except for parts I, II, IV, V, and VI.

COUNSEL

Harry C. Rogers, Nan M. Castle and Rogers, Rabin & Castle for Defendants and Appellants.

Baron L. Miller and Miller & Miller for Plaintiff and Respondent.

OPINION

SMITH, J.—Defendants and appellants Coast Printing Equipment Company, Inc. and two of its officers Joseph Sofnas and Charles Sofnas (hereinafter collectively referred to as defendants) appeal from a judgment awarding plaintiff-respondent Royal Company Auctioneers, Inc. (hereinafter Royal) certain monies due in connection with a joint venture agreement in which the parties agreed to acquire and sell various items of printing equipment for a profit. Defendants request reversal of the judgment based upon numerous alleged substantive and procedural errors occurring during the course of the proceedings. We affirm.

BACKGROUND

Royal commenced this action by filing a complaint against defendants Coast and the Sofnas[1] for an accounting and for fraud. Royal alleged that there was an oral joint business venture agreement between Royal and defendants whereby the parties would jointly acquire and sell various items of equipment, splitting the profits equally. Defendants were alleged to have falsified accounting records, withheld monies rightfully belonging to Royal and otherwise failed to properly account for the profits realized from the sale of joint venture property. In a subsequent amendment to the complaint, a fifth cause of action was added, which alleged that the true nature of the joint venture agreement was that Royal, defendants and one Sid Levin were to acquire and sell the equipment, sharing expenses and profits one-third to Royal, one-third to defendants and one-third to Levin; that defendants had failed to account to either Royal or Levin; and that Levin had since the commencement of the action, executed a written assignment of all his rights against defendants.

---

[1] Joseph Sofnas and Charles Sofnas are father and son. Both are officers of Coast Printing Equipment, Inc.

Defendants filed a cross-complaint which named Royal and two additional parties, Mel Bloom, an officer and director of Royal, and George Littrell, a former officer and director of defendant Coast. The cross-complaint alleged that Bloom and Littrell bought certain equipment "for themselves" and deprived defendants of their rightful amount due from the sale of such equipment, that each of the cross-defendants "willfully conspired and agreed among themselves" to deprive defendants of such monies, and that an accounting was necessary to ascertain the amounts due.

The case was tried without a jury by judge pro tem George Choppelas, pursuant to stipulation of the parties. The trial ended on December 2, 1983, but due to briefing and argument, the cause was not submitted until at least January 1984. On January 23, 1985, the court mailed a written tentative decision to all parties, awarding damages on the complaint to Royal and against defendants in the sum of $61,610.08 plus interest. On the cross-complaint, the court awarded defendants the sum of $11,855.55 plus interest against Littrell and $575 plus interest against Royal and Bloom. Pursuant to a request by defendants, a lengthy statement of decision was filed by the court. Judgment was entered on May 10, 1985. Coast's motion for new trial was denied and this appeal was filed on June 24, 1985. On October 31, 1985, the court, on its own motion, filed a "correction of judgment" to reflect that it found in favor of Royal instead of defendants on the fifth cause of action of the complaint.

I, II.*

III.

The trial court judgment allowed Royal to recover monies due to Sid Levin (the third joint venturer) based upon the assignment from Levin to Royal. The assignment was made solely for purposes of collection, to consolidate the action. ▮▮ Defendants contend here, as they did in the trial court, that Royal was precluded by Business and Professions Code section 6870 from maintaining an action as an assignee of Levin's one-third interest, because Royal was not a licensed collection agency. This section provides: "No person shall *engage within this State in the business of collect-*

---

* See footnote, *ante,* page 868.

*ing claims for others* or conduct within this State a collection agency as defined in Sections 6852 and 6853 of this chapter unless he shall hold a valid collection agency license pursuant to the provisions of this chapter." (Italics added.)

Section 6870 is part of the Collection Agency Act (Bus. & Prof. Code, § 6850 et seq.) which provides that anyone acting as a collection agency (i.e., one engaged directly or indirectly in the business of collecting claims for another) must be licensed, unless he falls within one of the exemptions set forth in the act.

Defendants argue that under the act, *no one* who is assigned the claim of another for mere collection purposes may maintain an action to recover the assignee's interest unless he is either a licensed collection agency or falls within one of the exemptions.[8] In support of this position they rely exclusively on *Grossman* v. *Vaupel* (1970) 13 Cal.App.3d 706 [91 Cal.Rptr. 876].

In *Grossman*, the wife of a partner in a law firm representing *four different creditors* sued to collect on various debts which the creditors had assigned to her. Plaintiff made no claim that she was not engaged "in the business of collecting claims for others," such activity having apparently been conceded in light of the nature of the action. She instead relied exclusively on the exemption provisions of section 6854. The *Grossman* opinion simply upheld the trial court's conclusion that she was not exempt from the Collection Agency Act by virtue of her husband's membership in the State Bar. (*Id.* at p. 708-710.) *Grossman* therefore does not assist us in resolving the issue presented here.

Prior to 1963, section 6870 provided that "[n]o person shall . . . engage within the State in the business of collecting claims for others . . . *or seek to make collection or obtain payment of any claim on behalf of another* without having first applied for and obtained a license." (West's Ann. Bus. & Prof. Code § 6870, Historical Note (italics added); see *Henningsen* v. *Mayfair Packing Co.* (1953) 41 Cal.2d 558, 562 [261 P.2d 521] .) The italicized language quoted above would appear to support Coast's assertion that even a one-time assignee for collection purposes must obtain a collection agency license in order to have standing to sue on his assignment.

---

[8] Exempted persons are set forth in Business and Professions Code section 6854. They include, members of the State Bar, real estate brokers, banks and savings and loans. There is no contention that Royal was a licensed collection agency or fell within any exemption.

However, in 1963 section 6870 was rewritten in its present form, and the italicized language *was deleted*. (Stats. 1963, ch. 1814, p. 3721, § 12.) At approximately the same time the Legislature amended section 6871 to increase the penalties for unlicensed collection activity (Stats. 1963, ch. 1814, p. 3721, § 13) and added section 6872, empowering the director of the Collection Agency Advisory Board to seek and obtain injunctive relief against persons carrying on collection agency activity without a license. (Stats. 1961, ch. 1403, p. 3209, § 1.) ■ It is fundamental that the courts must construe every statute in light of the overall statutory scheme, so as to ascertain the intent of the Legislature. (*Clean Air Constituency* v. *California State Air Resources Bd.* (1974) 11 Cal.3d 801, 813-814 [114 Cal.Rptr. 577, 523 P.2d 617].) ■ When the Legislature deletes an express provision of a statute, it is presumed that it intended to effect a substantial change in the law. (*People* v. *Dillon* (1983) 34 Cal.3d 441, 467 [194 Cal.Rptr. 390, 668 P.2d 697].)

■ By deleting the language making it unlawful for an unlicensed person to "make collection . . . on behalf *of another*" while retaining the prohibition against engaging *"in the business of collecting claims for others"* (italics added) and enacting stricter constraints against unlicensed agencies, the Legislature clearly changed the focus of the Collection Agency Act away from isolated instances of collection claims and towards the regulation of persons or firms engaging in the practice of collection as a trade or business.

■ It has long been the law that an assignee, even merely for collection, has standing to sue on an assigned claim. (*Builders' Control Service of No. Cal., Inc.* v. *North American Title Guar. Co.* (1962) 205 Cal.App.2d 68, 76 [22 Cal.Rptr. 712]; *Harrison* v. *Adams* (1942) 20 Cal.2d 646, 650 [128 P.2d 9].) ■ We conclude that the one-time only assignment for collection purposes from Levin to Royal (which had the practical effect of saving Coast from having to defend two lawsuits instead of one) did not constitute "engaging in the business" of collecting claims for others within the meaning of Business and Professions Code section 6870. The trial court therefore did not err in enforcing Royal's claim as an assignee.

IV.-VI.*

* * * * * * * * * * * * * * * * * *

*See footnote, *ante,* page 868.

## Disposition

The judgment is modified at page 3, line 18 thereof, so as to strike the word "Second" from the sentence commencing with the words "With reference to the Second, Third, and Fourth Causes of Action. . . ." As so modified, the judgment is affirmed. Respondents to recover costs on appeal. (Cal. Rules of Court, rule 26(a).)

Kline, P. J., and Benson, J., concurred.

Appellants' petition for review by the Supreme Court was denied September 30, 1987.