[No. D005519. Fourth Dist., Div. One. Jan. 4, 1988.]

BORBA FARMS, INC., et al., Plaintiffs, v.
VAUN D. ACHESON, Defendant and Appellant,
CAROL K. KLAWA, Individually and as Personal Representative,
etc., Defendant and Respondent.

598

COUNSEL

Merkin & Hemme and Donald Merkin for Defendant and Appellant.

No appearance for Plaintiffs.

Henderson & Henderson and Stephen K. Henderson for Defendant and Respondent.

OPINION

BUTLER, J.—August 26, 1982, Vaun D. Acheson, together with Richard F. Klawa, H. Cuyler Anderson, Noel Hildebrand and Nellis Associates, a Nevada limited partnership, executed a promissory note for $250,000 in favor of Borba Farms, Inc. and Gong Ranch (Borba). On May 7, 1983, Richard F. Klawa (Richard) died. His surviving spouse, Carol Klawa (Carol), was appointed the personal representative of his estate and in that capacity duly published notice to creditors advising all claims against the estate must be filed within four months. (Prob. Code,[1] § 707(a).) The period for presenting claims expired November 20, 1983. During that period, Borba submitted their claim for satisfaction of Richard's liability under the promissory note.

May 18, 1984, Borba declared the note in default and sued Acheson, Hildebrand, Anderson, and Carol, individually and as personal representative of Richard's estate. Borba obtained a judgment against all the named defendants for the sum of $401,198.21 plus costs and attorney fees. The judgment specifically stated: "All sums paid by Defendant, CAROL K. KLAWA, personal representative of RICHARD F. KLAWA, Deceased, shall be paid out of the Estate of RICHARD F. KLAWA, Deceased, in the due course of administration."

Acheson paid Borba $390,000 on the judgment, for which he received a release and covenant not to execute. Acheson then filed a motion for contribution from his co-obligors on the note, naming only Carol and Hildebrand, as Anderson had filed bankruptcy.[2]

The trial court granted Acheson's motion for contribution as to Hildebrand and denied it as to Carol, both in her individual capacity and as personal representative of her husband's estate, and entered judgment to that effect.

I

Acheson appeals from that portion of the judgment denying contribution from Carol in both capacities.[3] The trial court concluded Acheson's claim

---

[1] All statutory references are to the Probate Code unless otherwise specified. When referring to statutory subparts we omit repetition of the word "subdivision."

[2] Finding the record incomplete for a factual and procedural basis, we augment the record with superior court file number 521539.

[3] While Acheson appealed that part of the judgment denying contribution from Carol in both capacities, his brief does not address her liability for contribution in her individual

for contribution was required to be filed within four months of publication of notice to creditors of Richard's estate. Since none was filed within that period, the court barred the claim. We thus determine whether Acheson was required to file a claim for contribution in Richard's estate within the four-month period under section 707(a).

■ Acheson contends the trial court's ruling is erroneous because his claim for contribution arose from a right implied by law after Richard's death, not before; thus presentation of his claim to the estate within the four-month period was unnecessary. ■■■■ ■ Carol, on the contrary, asserts the court's finding Acheson's contribution claim contingent upon the original promissory note and now barred is correct.[4] We resolve the issue in Acheson's favor.

Section 707(a) at the time of this action provided "all claims arising upon contract, whether they are due, not due, or contingent . . . must be filed or presented within [a four-month period]. . . . Any claim not so filed or presented is barred forever . . . ." ■ A claim "arising" or "contingent" upon contract, and not exclusively those specifically provided by contract, is subject to the filing requirement and time limitation of section 707(a). (*Hays* v. *Bank of America* (1945) 71 Cal.App.2d 301, 306 [102 P.2d 679].) The word "arise" employed in this context has been described to mean " 'Spring, originate, flow, issue, emanate, proceed [or] stem.' " (*Id.* at p. 306, quoting Webster's Dict. of Synonyms (1942) at p. 70.)

■ A claim for contribution, however, stems from a legally recognized right forged from principles of equity and natural justice. (Code Civ. Proc.,

capacity. We deem that issue abandoned and for the purposes of this opinion refer to Carol's liability only in her capacity as personal representative of Richard's estate. (See *Utz* v. *Aureguy* (1952) 109 Cal.App.2d 803, 807 [241 P.2d 639].)

[4]Carol, in the first instance, objected to this court entertaining Acheson's appeal on grounds Acheson's present attorney has not properly been substituted as attorney of record in accordance with the requirements of Code of Civil Procedure section 284. Carol contends the substitution of attorneys dated July 24, 1986, which purports to substitute Donald Merkin in place of David Roberts, is not duly executed by Roberts as mandated by Code of Civil Procedure section 284(1). Accordingly, she asserts Merkin was not the attorney for Acheson when the motion for contribution was brought.

The copy of the substitution of attorneys filed with the superior court shows only Acheson and Merkin as having executed the substitution. This objection, however, was made to the trial court, and the court heard the motion for contribution presented by Merkin without any reference in the record to whether the substitution of attorneys was in fact invalid. Absent contrary evidence on the record, we presume the issue was properly reasoned by the trial court. On review, all intendments and presumptions before the trial court are indulged in to support the judgment of the trial court. (*Heist* v. *County of Colusa* (1984) 163 Cal.App.3d 841 [213 Cal.Rptr. 278]; see also *Roffinella* v. *Sherinian* (1986) 179 Cal.App.3d 230 [224 Cal.Rptr. 502].)

§ 882; *Pacific Freight Lines* v. *Pioneer Exp. Co.* (1940) 39 Cal.App.2d 609, 613 [103 P.2d 1056].) The right of contribution, although necessarily related to some former transaction or obligation, exists as an entirely separate contract implied by law. (*Id.* at pp. 613-614.) In situations where two or more parties are jointly liable on an obligation and one of them makes payment of more than his share, the one paying possesses a new obligation against the others for their proportion of what he has paid for them. (*Ibid.*)

■ Here, Borba obtained a judgment against Acheson and Carol based upon default in payment of a promissory note. Acheson paid a portion of the judgment in excess of his proportionate share of liability. His right to contribution only came into existence upon his actual payment of this sum to Borba. (*Pacific Freight Lines, supra,* 39 Cal.App.2d at pp. 613-614.) Acheson's claim for contribution thus arises solely from this right imposed by operation of law and principles of equity. Although technically related to the underlying obligation, Acheson's claim for contribution neither arises nor is contingent upon the promissory note or money judgment in favor of Borba. (See *Murchison* v. *Murchison* (1963) 219 Cal.App.2d 600, 604-605 [33 Cal.Rptr. 285].)

Moreover, Acheson's claim against Richard's estate was not required to be presented to Richard's estate since his right to contribution did not exist until after Richard's death. Only claims enforceable against the decedent during his lifetime by ordinary personal actions for the recovery of money are required to be presented to the estate for satisfaction. (*Fallon* v. *Butler* (1862) 21 Cal. 24, 32; *Newberger* v. *Rifkind* (1972) 28 Cal.App.3d 1070, 1077 [104 Cal.Rptr. 663, 57 A.L.R.3d 1232].) During the four-month period for presentation of claims to the estate, the underlying promissory note held by Borba was not declared in default and the judgment against Acheson, Carol and the other co-obligors did not yet exist. Acheson's right to and claim for contribution did not arise until he paid the portion of the judgment two years after Richard's death. (*Pacific Freight Lines* v. *Pioneer Exp. Co., supra,* 39 Cal.App.2d at pp. 613-614; see *U. S. Cold Storage* v. *Matson Navigation Co.* (1984) 162 Cal.App.3d 1228, 1231 [209 Cal.Rptr. 144].)

" 'Since the indebtedness was not incurred by [Richard] in [his] lifetime it was a matter to be adjusted between [Acheson] and the executor of [Richard's] estate and the filing of a claim was not required. When a liability arises after the death of the decedent it does not constitute a claim against the estate which is required to be presented for allowance . . . .' " (*Newber-*

*ger* v. *Rifkind, supra,* 28 Cal.App.3d at pp. 1077-1078, quoting *Sperry* v. *Tammany* (1951) 106 Cal.App.2d 694, 698 [235 P.2d 847].)

The trial court erred in ruling Acheson's claim for contribution was required to be presented within the four-month claim period in Richard's estate and that part of the judgment denying contribution from the estate is reversed.

## II

■ As Acheson's claim for contribution from Richard's estate did not require presentation of a claim within the four-month period following publication of notice to creditors, we turn to the question whether the motion for contribution was timely filed for guidance of the trial court on remand. ■ While we ordinarily do not consider issues not necessary to our decision (*Coalition for L.A. County Planning etc. Interest* v. *Board of Supervisors* (1977) 76 Cal.App.3d 241, 246 [142 Cal.Rptr. 766]), where the appeal is well taken and further proceedings in the action are indicated, we will discuss contentions involving questions of law which would only result in the exacerbation of the burdens of the litigation if not considered at this time. (*Harvey* v. *City of Holtville* (1969) 271 Cal.App.2d 816, 820 [76 Cal.Rptr. 795]; *Sokol* v. *Public Util. Com.* (1966) 65 Cal.2d 247, 257 [53 Cal.Rptr. 673, 418 P.2d 265].)

Code of Civil Procedure[5] section 883(a) provides: "A judgment debtor entitled to compel contribution or repayment pursuant to this chapter may apply on noticed motion to the court that entered the judgment for an order determining liability for contribution or repayment. The application shall be made at any time before the judgment is satisfied in full or within 10 days thereafter."

■ Here, Acheson paid Borba $390,000 on the judgment of $401,198.21 on July 11, 1986. Acheson filed his motion for contribution 19 days later on July 30.

Acheson contends the phrase "the judgment is satisfied in full" only occurs when the entire judgment owed is completely satisfied. Thus the motion made 19 days after the partial satisfaction was timely filed, as the

---

[5] From this point forward, all statutory references are to the Code of Civil Procedure unless otherwise specified.

judgment was not satisfied in full. Carol, on the other hand, argues full satisfaction of the judgment relates to a particular party seeking contribution who has been released from further liability by virtue of his payment; to hold otherwise would defeat the purpose of the statute and provide, in effect, an unlimited statute of limitations.

Principles of statutory construction to be considered when interpreting particular language of a statute are well established. ■ First, if the words of a statute are "clear and unambiguous there is no need for construction, and courts should not indulge in it. [Citation.]" (*Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148].) ■ Second, the function of the court "is to construe the words of the Legislature by their ordinary meaning, not to expand their definition to include matters or persons not expressly covered nor included by the law making branch of government [citations]." (*Grossman* v. *Vaupel* (1970) 13 Cal.App.3d 706, 710 [91 Cal.Rptr. 876].) " 'Unless . . . the natural and customary import of the statute's language is either "repugnant to the general purview of the act," or for some other compelling reason, should be disregarded, this court must give effect to the statute's "plain meaning." [Citation.]' " (*People* v. *Superior Court* (*Smith*) (1987) 190 Cal.App.3d 427, 430 [235 Cal.Rptr. 482], citing *Tiernan* v. *Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 218-219 [188 Cal.Rptr. 115, 655 P.2d 317]; see also § 1858.)

■ Applying these principles, we think the proper interpretation of the phrase "the judgment is satisfied in full" means complete satisfaction of the entire judgment.

The term "judgment" is defined as a final determination of the rights of all the parties involved in an action or proceeding. (§ 577; *In re Marriage of Van Dyke* (1985) 172 Cal.App.3d 145, 149 [218 Cal.Rptr. 11].) Since only one final judgment can be rendered in an action (*Bank of America* v. *Superior Court* (1942) 20 Cal.2d 697, 701 [128 P.2d 357]), the phrase "the judgment" means the entire judgment binding all parties involved in an adjudication. To find otherwise would be to insert the words "as to each party" in the statute.

Further support of this conclusion may be found by analyzing other instances where the phrase "the judgment" is used in statutes relating to contribution. Although sections 883 and 882 (establishing a right to contribution) speak of one of several judgment debtors bringing a contribution

motion, these sections refer to "the judgment" in different contexts which could only logically mean the entire judgment. For example, section 882(a) states a judgment debtor "may compel contribution from another judgment debtor who has satisfied less than his or her due proportion of the judgment." This language implies "the judgment" means the entire judgment of which a judgment debtor could satisfy less than his or her proportion.

Our interpretation also comports with the concept of full satisfaction of a judgment. It is generally accepted there can be only one judgment and only one satisfaction of that judgment. (*Adams* v. *White Bus Line* (1921) 184 Cal. 710, 714 [195 P. 389]; *Kemp* v. *Barnett* (1976) 62 Cal.App.3d 245, 248 [132 Cal.Rptr. 823].) In situations involving joint and several liability of joint tortfeasors, "payment of the *full sum* . . . extinguishes the obligation and discharges the liability of all the others. [Citations.]" (*Id.* at p. 248, italics added.) Although joint tortfeasor liability may be conceptually different from one of several joint debtors seeking contribution since a prerequisite to seeking contribution is the entry of a judgment against the party from whom contribution is sought (*Winzler & Kelly* v. *Superior Court* (1975) 48 Cal.App.3d 385, 396 [122 Cal.Rptr. 259]), the principle of *full* payment as satisfaction of the judgment nonetheless applies.

We note courts in other jurisdictions interpret the concept of full satisfaction of a judgment as meaning complete satisfaction of the entire judgment debt binding all parties. "Satisfaction" has been held by other courts to mean acceptance of full compensation for some harm inflicted and a bar to further recovery. (*Rexroat* v. *Prescott* (Tex. 1978) 570 S.W.2d 457, 459; *Lazarrus* v. *Employers Mut. Cas. Co.* (1977) 173 Ind.App. 452 [364 N.E.2d 140, 141]; *DeNike* v. *Mowery* (1966) 69 Wn.2d 357 [418 P.2d 1010, 1017].) The Indiana appellate court has stated: "It is also well established that the payment of a smaller sum than is due on a liquidated claim, with no other element of accord in the transaction, is not satisfaction of the debt even though accepted as such at the time." (*Michael* v. *Holland* (1942) 111 Ind.App. 34 [40 N.E.2d 362, 365]; see also *Clark* v. *Sperry* (1943) 125 W.Va. 718 [25 S.E.2d 870, 872].)

Finally, a similar conclusion was attained under an interpretation of former section 709, the predecessor to section 883. Former section 709 provided a person who has paid more than his proportionate share of a judgment may enforce contribution if he files notice of his payment and claim to contribution "within ten days after his payment." In *Painter* v. *Berglund* (1939) 31 Cal.App.2d 63, 68 [87 P.2d 360], the court, interpreting former section 709, stated the 10-day period is implemented "after the

[judgment debtor] had paid an amount which plaintiff accepted in full payment of the face of the judgment." Carol has not shown the amount Acheson paid Borba was accepted as full payment of the judgment.

## III

So much of the judgment denying Acheson's claim for contribution from Carol in her capacity as personal representative is reversed, the remainder is affirmed and the cause is remanded for further proceedings consistent with the views expressed in this opinion. Costs on appeal to Acheson.

Kremer, P. J., and Benke, J., concurred.