Flied 10/20/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| COMERICA BANK, | |
|    Plaintiff and Respondent, | G053691 |
|       v. | (Super. Ct. No. 30-2009-00124583) |
| GORDON E. RUNYON, | O P I N I O N |
|    Defendant and Appellant; | |
| JAMES M. FACCIUTO et al., | |
|    Defendants and Respondents. | |

Appeal from a postjudgment order of the Superior Court of Orange County, John C. Gastelum, Judge. Reversed and remanded.

Richard G. Elie for Defendant and Appellant.

Law Offices of Hemar & Associates and Melody G. Anderson for Plaintiff and Respondent.

Law Offices of Joel W. Baruch, Joel W. Baruch and Christopher L. Gaspard for Defendants and Respondents.

\*        \*        \*

Appellants Gordon Runyon and Donna Runyon were once married.[1] In July 2010 respondent Comerica Bank (Comerica) obtained a joint and several judgment for breach of guaranty against Gordon and some other defendants. Gordon and Donna then divorced, the other judgment debtors settled with Comerica, and postdivorce, Comerica obtained an order to show cause why real property that was formerly community property but then owned as separate property by Donna, should not be sold to satisfy the remaining debt owing on the judgment. Donna (over vehement objection), the Facciutos, and Kissen each paid certain sums, and eventually the judgment was satisfied in full.

Gordon filed an application for order of contribution contending he paid more than his proportional share of the judgment through his community property interests.[2] He requested contribution from the cojudgment debtors. The court denied the motion on grounds the application failed to demonstrate it was timely filed. In this appeal, Gordon contends he satisfied the requirements of Code of Civil Procedure sections 881 through 883 under which he seeks contribution, because when his application was heard Comerica had not yet filed a satisfaction of judgment and therefore it was timely filed.[3] We agree and reverse as to Gordon. However, Donna has no standing to appeal so we dismiss her appeal.

---

[1] For convenience and to avoid confusion, we refer to Donna Runyon and Gordon Runyon by their first names. We mean no disrespect.

[2] Specifically, Gordon alleged that he has agreed to assign and reimburse Donna from proceeds collected from his co-judgment debtors pursuant to his marital settlement agreement with Donna.

[3] All statutory references are to the Code of Civil Procedure unless otherwise stated.

FACTS[4]


*Background*

Comerica's operative complaint alleged (1) that it loaned $474,500 (the loan) to a borrower entity (the borrower); (2) that Gordon and other guarantors had guaranteed the borrower's payment of the loan; (3) that the borrower had defaulted on the loan; and (4) that Gordon and the other guarantors had refused to pay the borrower's balance on the loan. Gordon and some other defendants answered the operative complaint on September 30, 2009. In June 2010, the court granted Comerica's summary judgment motion. Shortly thereafter, Comerica settled with two of the judgment debtors (James Facciuto and the Facciuto Family Trust) for $50,000. The court entered judgment in favor of Comerica against Gordon, Janet A. Kline, and respondents Steven Kissen, James Facciuto, and James M. Facciuto and Linda A. Facciuto as trustees of the Facciuto Family Trust in the sum of almost $430,000. (*Comerica I*, *supra*, G051364.) As to the borrower, however, the court ruled that, due to the borrower's default, Comerica would have to obtain a default judgment against it. The borrower filed a voluntary petition in bankruptcy court. In September 2010, Comerica settled with Kissen for $50,000. (*Comerica II*, *supra*, G051972.)

In March 2011, Comerica requested the court to issue an abstract of judgment against judgment debtor Gordon only. Comerica stated it had settled with Kissen, Facciuto, and the Facciuto Family Trust, and that Kline had received a

---

[4] This case has a lengthy history, which includes two previous opinions from this court and an opinion in a related case from the Second District Court of Appeal. (See *Comerica Bank v. Runyon* (Jan. 7, 2016, G051364) [nonpub. opn.] (*Comerica I*); *Runyon v. Comerica Bank* (Feb. 2, 2016, B265885) [nonpub. opn.]; *Comerica Bank v. Runyon* (July 26, 2016, G051972) [nonpub. opn.] (*Comerica II*).) We summarize here only those facts necessary to decide the issues raised in this appeal.

3

bankruptcy discharge.  The court granted Comerica's request and ordered the court clerk to issue an abstract of judgment against Gordon only.  (*Comerica II*, *supra*, G051972.)

In July and August of 2011, Comerica recorded the abstract of judgment in Orange County and Los Angeles County.  (*Comerica II*, *supra*, G051972.)  Gordon and Donna subsequently divorced.  The judgment of dissolution was entered in September 2013.  (*Comerica I*, *supra*, G051364.)  Meanwhile, Comerica's judgment was accruing interest.  Comerica began collection efforts directed at real property owned by Donna following the divorce.  As of September 9, 2015, Comerica's summary of payments made on the judgment reflect the Runyons were credited with paying $603,238.37, the Facciutos paid $45,033.82, and Kissen paid $35,145.74.[5]  The last payment reflected on the summary was for $1,143.82, which was paid on September 9, 2015, by the Facciutos.

Yet six months earlier in March 2015, Comerica filed a memorandum of costs seeking an additional $96,118 in attorney fees and $1,350 in costs.  Gordon timely filed a motion to strike/tax costs, but the hearing was not scheduled to take place until September 15, 2015.  The hearing finally occurred on November 24, 2015.  The court found Comerica's costs should be taxed in the amount of $96,118 representing the amount sought for attorney fees.  However there still remained outstanding $1,350 of the cost bill that was not taxed by the court.

*Gordon's Application for Contribution*

On December 29, 2015, Gordon filed an application for order of contribution (application).  In the application, which was signed by Gordon's two attorneys, Gordon alleged the court previously issued an order to show cause directed to Donna and Gordon as to why property in Placentia, California should not be sold; and that on May 12, 2015, the court entered an order of sale for that property.  He alleged he

---

[5]  There is no explanation as to why the Facciutos paid only $45,033.82 and why Kissen paid only $35,145.74 when they each settled for $50,000.

4

has paid more than his proportional share of the judgment entered July 20, 2010 through his community property interests and is entitled to seek and demand contribution from the "co-judgment-debtors." In his points and authorities, he relied on sections 881 through 883. He outlined amounts paid to Comerica as of the date of the application based on exhibit 1 (attached to counsel, Richard G. Elie's declaration), the summary of payments supplied by Comerica's counsel. He concluded by stating he is entitled to an order granting contribution against the "judgment co-debtors," Kissen, James Facciuto individually, and James and Linda Facciuto as trustees of the Facciuto Family Trust. According to the application, though the summary of payments indicates as of September 9, 2015 there was a zero balance on the judgment, the zero balance entry has a footnote entry stating, "Pending 9/15/15 hearing on Post-Judgment Cost Memo; pursuant to [section] 685.090[, subdivision] (a)(2), any costs awarded to Comerica will be added to the judgment on the date the court's order is entered."

The Facciutos opposed the application on grounds the application was time barred. They reasoned exhibit 1 clearly showed the balance owed to Comerica was zero as of September 9, 2015 and the application had not been filed within 30 days after the judgment was satisfied in full. They also argued unclean hands and that any apportionment must be based on the amount of the original judgment, not including postjudgment costs and expenses.

Kissen also opposed the application on grounds it was procedurally defective in failing to allege the proportion of indebtedness among the joint debtors and failing to state the exact relief sought, and because it was untimely. He also asserted because Donna was not a judgment debtor as defined in section 882, Gordon had no right to contribution on her behalf. Finally, he argued the application should have been denied to the extent it sought contribution for any postjudgment fees, costs, or expenses.

5

Gordon filed lengthy reply papers, including objections to evidence, Gordon's declaration with attachments, Donna's declaration with attachments, and Attorney Elie's declaration with attachments. He also requested leave to amend the application in the event the court found it somehow deficient as to form or content.

At the hearing, *Comerica's* counsel appeared and claimed the judgment had *not* been fully satisfied, in part because the postjudgment cost memorandum was still at issue, and if any amount of fees or costs were awarded, "then those amounts get added onto the judgment."

In April 2016, the court denied the application, because Gordon failed to demonstrate it was timely filed as required by section 883. The court found the evidence attached to the application at best demonstrated the judgment balance was $0.00 as of September 9, 2015, which was more than 30 days prior to its filing. The court declined to consider the additional argument and evidence submitted with the reply, noting counsel had repeatedly offered new argument and evidence with his reply briefs filed with the court. Finally, the court stated there exists an independent cause of action for equitable contribution under Civil Code section 1432 and nothing in section 883 limited the right to that alternative remedy. The court did not address Gordon's request for leave to amend.

Comerica filed its full acknowledgement of satisfaction of judgment on June 13, 2016. Gordon and Donna timely appealed from the court order denying contribution.

DISCUSSION

*Donna Lacks Standing To Appeal*

Kissen and the Facciutos urge us to dismiss the appeal as to Donna, because she lacks standing.

6

An aggrieved party may appeal.  (§ 902.)  "One is considered 'aggrieved' whose rights or interests are injuriously affected by the judgment."  (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 737.)  The "interest '"must be immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment."'"  (*Ibid.*)

Donna is not and never has been a party to this lawsuit.  She was never named as a defendant and her attempt to intervene as a party was unsuccessful.  We affirmed the trial court's denial of Donna's motion to intervene in *Comerica II*, *supra*, G051972.  And we determined she is not a judgment debtor in *Comerica I*, *supra*, G051364.  Similarly, Donna is not aggrieved by the court's denial of Gordon's application, because she was not named in the application at issue in this appeal.  Gordon alone was the moving party, because Donna's separate application for an order of contribution had been denied.[6]  Donna lacks standing to bring this appeal.

*Gordon's Application for Contribution Was Timely Filed*

Appellants contend nowhere within sections 881, 882, or 883 does the law require the applicant to allege or prove the application is timely.  They also contend Gordon's application was timely, because it was made before the judgment was satisfied in full or within 30 days thereafter.  We agree with both contentions.

Section 881 provides, "This chapter governs contribution among joint judgment debtors other than joint tortfeasors."  Section 882 provides in relevant part, "If two or more judgment debtors are jointly liable on a money judgment:  (a) A judgment debtor who has satisfied more than his or her due proportion of the judgment, whether voluntarily or through enforcement procedures, may compel contribution from another judgment debtor who has satisfied less than his or her due proportion of the

---

[6]     In July 2015 Donna filed an application for order of contribution and equitable indemnity strikingly similar to Gordon's application.  It was denied on grounds Donna is not a judgment debtor and Donna never appealed.

judgment." Section 883 provides, "(a) A judgment debtor entitled to compel contribution or repayment pursuant to this chapter may apply on noticed motion to the court that entered the judgment for an order determining liability for contribution or repayment. *The application shall be made at any time before the judgment is satisfied in full or within 30 days thereafter.* (b) The order determining liability for contribution or repayment entitles the judgment debtor to the benefit of the judgment to enforce the liability, including every remedy that the judgment creditor has against the persons liable, to the extent of the liability. (c) Nothing in this section limits any other remedy that a judgment debtor entitled to contribution or repayment may have." (Italics added.)

We review the interpretation of a statute de novo. (*Taxpayers for Accountable School Bond Spending v. San Diego Unified School Dist.* (2013) 215 Cal.App.4th 1013, 1057.) "Language is language, and the plain meaning rule is . . . [citation] . . . the first step in statutory analysis . . . ." (*Romano v. Mercury Ins. Co.* (2005) 128 Cal.App.4th 1333, 1342.) "'Our first step [in determining the Legislature's intent] is to scrutinize the actual words of the statute, giving them a plain and commonsense meaning.'" (*California Teachers Assn. v. Governing Bd. of Rialto United School Dist.* (1997) 14 Cal.4th 627, 633.) "Where the words of a statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history." (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562.)

"The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735.) "An interpretation that renders related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in the light of the statutory scheme [citation]." (*Ibid.*) The phrase "the judgment is satisfied in full" is

8

clear when read in harmony with the statutory scheme governing enforcement of judgments. (See § 680.010 et seq.)

The trial court erred in applying the language of section 883, subdivision (a) to procedurally bar Gordon's application. The court faulted appellants for "failing to demonstrate" the application for contribution was timely filed, which seems to imply the court placed a burden on Gordon to make a prima facie showing of timeliness. The court reasoned the application was untimely because the evidence showed the judgment balance was $0.00 as of September 9, 2015, which was more than 30 days prior to the application's filing date of December 29, 2015. We find no requirement in the statute that the applicant plead or prove timeliness. Rather, if raised by the opposing party as it was here, the court makes a determination of timeliness based on the evidence submitted by the parties as well as the status and content of the court's own file. We turn to that analysis now.

Section 883 does not define the phrase, "the judgment is satisfied in full," nor does the text of section 883 reference the requirement that a judgment creditor file an acknowledgement of satisfaction of judgment once a judgment has been "satisfied in full." (See § 724.060.) Although the trial court did not expressly state it was interpreting the phrase "the judgment is satisfied in full," the court concluded a judgment can somehow be satisfied in full before an acknowledgement of satisfaction of judgment has been filed and/or while an outstanding balance on the money judgment actually or potentially remains. Such is not the case. Section 724.010, subdivision (a) provides, "A money judgment may be satisfied by payment of the full amount required to satisfy the judgment or by acceptance by the judgment creditor of a lesser sum in full satisfaction of the judgment." Neither of these events had occurred when Gordon's application was filed.

9

A footnote in exhibit 1 attached to Gordon's application referenced a September 15, 2015 hearing on a postjudgment cost memorandum. The referenced hearing was on Donna and Gordon's motion to strike/tax costs following Comerica's filing of a cost memorandum seeking attorney fees of $96,118 and costs of $1,350. Although originally noticed for September 15, 2015, the hearing did not take place until November 24, 2015. After the hearing in which the court taxed $96,118 in costs representing attorney fees, there still remained a balance of $1,350 in costs the court did not tax.

Comerica does not assert the $1,350 in costs owed after the ruling on the motion to strike/tax costs had been paid when Gordon's application was filed on December 29, 2015.[7] And at that point Comerica had not filed an acknowledgment of satisfaction of judgment. "When postjudgment enforcement costs are allowed, they become part of the principal amount of the judgment." (*Lucky United Properties Investment, Inc. v. Lee* (2010) 185 Cal.App.4th 125, 138.) "[T]here can be only one judgment and only one satisfaction of that judgment." (*Borba Farms, Inc. v. Acheson* (1988) 197 Cal.App.3d 597, 605.) Notably, in a case such as this one where an abstract of judgment has been filed that creates a lien on the debtor's real property, the judgment creditor *must* do both of the following when the judgment is satisfied: file an acknowledgment of satisfaction of judgment with the court and serve an acknowledgement of satisfaction on the judgment debtor, personally or by mail. (§ 724.040, subds (a), (b).)

Further, section 724.050, subdivision (a) provides if a money judgment has been satisfied, the judgment debtor may serve on the judgment creditor a demand in

---

[7] In its respondent's brief, Comerica argues only that appellants have abandoned their appeal as to any issue relating to attorney fees. Though appellants never raised the issue in this court, the April 28, 2016 order from which they appeal addressed this issue in addition to ruling on Gordon's application.

10

writing that the judgment creditor file an acknowledgment of satisfaction of judgment with the court or execute, acknowledge and deliver an acknowledgement of satisfaction of judgment to the person making the demand. (§ 724.050, subd. (a)(1), (2).) Attorney Elie made such a request to Comerica via letter on August 21, 2015. Comerica refused the request. Comerica's inaction eventually prompted Donna and Gordon to file a motion to compel satisfaction of judgment on April 4, 2016. (See *Horath v. Hess* (2014) 225 Cal.App.4th 456, 466.) The issue was eventually mooted, because apparently having been paid its $1,350, Comerica finally filed its full acknowledgement of satisfaction of judgment on June 13, 2016. This is strong evidence judgment creditor Comerica considered the judgment had *not* been satisfied in full as of December 29, 2015 despite the entry in exhibit 1.

We hold the phrase "the judgment is satisfied in full" as used in section 883, subdivision (a) means only at such time as the creditor has filed a full acknowledgment of satisfaction of judgment. A judgment cannot be satisfied within the meaning of section 883, subdivision (a) until the judgment creditor is paid in full and has no other outstanding claim and the obligation of the judgment debtor has been fully extinguished. (See *Borba Farms, Inc. v. Acheson, supra,* 197 Cal.App.3d. at p. 604 ["[W]e think the proper interpretation of the phrase 'the judgment is satisfied in full' means complete satisfaction of the entire judgment."].) In this case, Comerica's judgment was not satisfied in full when Gordon's application was filed. These facts are amply established in the application, exhibit 1 (including the relevant footnote), and the absence of a full acknowledgement of satisfaction of judgment in the court's file at the time of the hearing. Like the lower court, we need not look to Gordon's reply papers to reach our conclusion.

In denying Gordon's application, the lower court also noted Gordon has an alternative remedy in filing an action for equitable contribution. (See Civ. Code, § 1432 ["Except as provided in Section 877 of the Code of Civil Procedure, a party to a joint, or

11

joint and several obligation, who satisfies more than his share of the claim against all, may require a proportionate contribution from all the parties joined with him."].) Kissen and the Facciutos request we take judicial notice of a recently-filed complaint by Gordon and Donna for contribution and other relief. We deny the request. Whether or not Gordon and/or Donna have an *additional* remedy, Gordon has established his right to contribution under section 883. (See § 883, subd. (c) ["Nothing in this section limits any other remedy that a judgment debtor entitled to contribution or repayment may have."].) The parties have not cited, and we have not found, any authority suggesting these remedies are mutually exclusive. Further, the complaint was not before the trial court, so we decline to consider it on appeal. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405 [appellate court reviews correctness of judgment at time of rendition upon record of matters before the trial court for its consideration].)

The Facciutos raised two other issues in the trial court — that Gordon and Donna have unclean hands and that any apportionment must be based on the amount of the original judgment. Kissen also raised other issues in the trial court — that Gordon's application was procedurally defective in that Gordon failed to allege the proportion of indebtedness among the joint debtors and the notice of hearing failed to state the exact relief sought, that because Donna was not a judgment debtor, Gordon had no right to contribution on her behalf, and that the application should be denied to the extent it seeks contribution for postjudgment fees, costs, or expenses. The trial court, having found the application untimely, did not reach the merits of these issues. We express no opinion on them but instead remand for a new hearing to permit the trial court the opportunity to rule in the first instance. (See *Hicks v. Barnes* (1952) 109 Cal.App.2d 859, 863 ["[T]he function of the trial court as the normal and primary finder of the facts has been uniformly recognized and it was never intended that the appellate court should perform those functions in the first instance."].)

12

DISPOSITION

The postjudgment order denying Gordon's application for contribution is reversed, and the case is remanded to the trial court with directions to conduct a new hearing consistent with the views expressed herein. Kissen's and the Facciutos's request for judicial notice is denied. Gordon is entitled to costs on appeal. Donna's appeal is dismissed.

IKOLA, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

THOMPSON, J.